**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 23-cr-392 (JEB)** |
| | **:** | |
| **CHRISTOPHER RODRIGUEZ** | **:** | |

**DEFENDANT'S REPLY REGARDING PRIVILEGE NOTICE**

Defendant, Christopher Rodriguez, through undersigned counsel, hereby provides this reply in support of his privilege designations.  First, Mr. Rodriguez confirms that he maintains his claim of privilege over all jail calls between himself and legal counsel, both David Rodriguez and Kevin Stockstill.  The initial notice only mentioned calls with David Rodriguez because that was the issue raised by the filter team at the status conference.

**I.      Privilege Covers Communications With Counsel Prior to a Notice of Appearance.**

The government argues that Mr. David Rodriguez was not officially counsel of record until after the date of the recorded conversations at issue here and, therefore, was not acting as counsel to Mr. Christopher Rodriguez.  However, the attorney-client privilege is not dependent on the existence of litigation or an attorney's notice of appearance in a specific matter.  The attorney-client privilege protects conversations between individuals and attorneys when they discuss potential representation, when an individual seeks legal advice even when no pending legal action exists.  Mr. David Rodriguez need not be a counsel of record to be an attorney providing legal advice to his client, Mr. Christopher Rodriguez.  For example, individuals often seek second opinions on legal issues and engage attorneys to provide advice without that counsel ever entering an appearance in a court proceeding.  The lack of a notice of appearance until later in the case does not indicate that Mr. David Rodriguez was not communicating with Mr.

1

Christopher Rodriguez "for the purpose of securing legal advice or services." *In re Lindsey*, 148 F.3d 1100, 1103 (D.C. Cir. 1998). Mr. Christopher Rodriguez communicated with Mr. David Rodriguez "for the purpose of securing legal advice" and the fact that Mr. David Rodriguez did not become a counsel of record until after the calls at issue does not change the purpose of the communications.[1]

## II. The Facilities Where Mr. Christopher Rodriguez Has Been Detained Would Not Include Mr. David Rodriguez as Counsel to Permit Unrecorded Legal Calls.

Mr. Christopher Rodriguez has been unable, despite repeated attempts, to include Mr. David Rodriguez on a list of approved legal counsel to allow him to contact Mr. David Rodriguez via unrecorded legal calls. An individual must be approved as counsel before unrecorded legal calls are available. Neither facility would approve Mr. David Rodriguez as counsel, despite the fact that he was acting in a legal capacity when communicating with his brother. It was logistically not feasible for Mr. David Rodriguez to travel to Louisiana or Washington, D.C. whenever he needed to speak with Mr. Christopher Rodriguez, so the only option was for calls to be placed using the regular phone system. Additionally, when Mr. David Rodriguez attempted to visit Mr. Christopher Rodriguez in person at the D.C. Jail—even after he had noticed his appearance in the case—he was refused entry and refused access to confidential legal visits with Mr. Christopher Rodriguez.

Counsel raised the issue with the Deputy General Counsel for the D.C. Jail, who informed counsel that Mr. David Rodriguez should not have been excluded from the list for confidential legal calls or prevented access to the D.C. Jail for in person legal visits. Mr.

---

[1] Additionally, the fact that other counsel for Mr. Christopher Rodriguez have unintentionally failed to include a signature block for Mr. David Rodriguez on every filing says nothing about his role in the case or the fact that he is counsel for Mr. Christopher Rodriguez.

Christopher Rodriguez is hopeful that the issue is now resolved, but he had no options available to have confidential legal communications with Mr. David Rodriguez, prior to counsel addressing the issue with the D.C. Jail's legal counsel. Therefore, despite the government's urging that there were mechanisms for Mr. Christopher Rodriguez to communicate with Mr. David Rodriguez in a confidential manner, that simply was not the case until recently.

The key distinction between this case and the cases cited by the government where the court's found waiver is the lack of access to means to engage in confidential legal communications, like legal calls and in person visits. The available confidential communication options were denied to Mr. Christopher Rodriguez when he attempted to use them to communicate with Mr. David Rodriguez and to find that utilizing the only means available to him to communicate, the regular phone system, was a waiver would deny him access to counsel.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

_____
EUGENE OHM
DIANE SHREWSBURY
Assistant Federal Public Defenders
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

DAVID RODRIGUEZ ENCARNACION
100 Calle del Muelle
Apartment 1208
San Juan, PR 00901
(787) 775-5759

3